IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY FAISON WILLIAMS, | : | |
| *as Power of Attorney for her Father*, | : | 4:11-cv-395 |
| *Louis T. Faison, Sr.,* | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

### August 5, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS**:

Pending before the Court is the United States of America's Motion to Dismiss, or in the Alternative, for Summary Judgment ("the Motion") (Doc. 14), filed on May 20, 2011. Plaintiff[1] filed a brief in opposition to the Motion on July 8, 2011. (Doc. 27). The United States has not filed a reply and the time to do so has passed. Accordingly, this matter is ripe for our review.

**I.   BACKGROUND**

This Federal Torts Claim Act ("FTCA") action was filed, through Plaintiff's former counsel, on January 28, 2011. The action was styled as *Plaintiff Terry*

---

[1] On June 16, 2011, we issued an Order (Doc. 26) granting Plaintiff's counsel's Motion to Withdraw as Attorney. (Doc. 23). Plaintiff is now proceeding *pro se* in this action.

*Faison Williams, as Power of Attorney for her Father, Louis T. Faison, Sr. versus the United States of America.*  The action arises out of the alleged wrongful death of Louis Thomas Faison, Jr. while he was an inmate at the United States Penitentiary at Lewisburg, Pennsylvania ("USP-Lewsiburg").  Plaintiff Terry Faison Williams is attempting to bring the wrongful death action on her father's behalf, via a power of attorney she has from her father, Louis T. Faison, Sr.

On May 20, 2011, the United States of America filed the instant Motion arguing for the dismissal of this case based on Terry Faison Williams' lack of standing to pursue a FTCA claim related to her brother's death while incarcerated at USP-Lewisburg because she is not the personal representative of the decedent's estate.[2]  The Plaintiff has filed an opposition brief to the pending Motion, asserting that she does have standing to sue the United States on her father's behalf for the alleged wrongful death of her brother.

---

[2] Additionally, the United States argues that Plaintiff's failure to file a Certificate of Merit in accordance with Pennsylvania Rule of Civil Procedure 1042.3 is fatal to her claim. Because we find that Terry Faison Williams does not have standing to bring this action, we shall not address this argument made by the United States.

## II.     STANDARD OF REVIEW[3]

Summary judgment is appropriate if the record establishes "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant meets this burden by pointing to an absence of evidence supporting an essential element as to which the non-moving party will bear the burden of proof at trial.  *Id.* at 325.  Once the moving party meets its burden, the burden then shifts to the non-moving party to show that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).  An issue is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a factual dispute is "material" only if it might affect the outcome of the action under the governing law.  *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248-49 (1986).

In opposing summary judgment, the non-moving party "may not rely merely on allegations of denials in its own pleadings; rather, its response must ... set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  The

---

[3] Inasmuch as the Court took cognizance of facts outside the pleadings, the appropriate standard of review to apply here is the FRCP 56 summary judgment standard.  Thus, we shall not set forth the FRCP 12(b)(6) motion to dismiss standard.

non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial." *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000). Arguments made in briefs "are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion." *Jersey Cent. Power & Light Co. v. Twp. of Lacey*, 772 F.2d 1103, 1109-10 (3d Cir. 1985). However, the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the non- moving party. *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006).

Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982). Still, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be a *genuine* issue of *material* fact to preclude summary judgment." *Anderson*, 477 U.S. at 247-48.

## III. DISCUSSION

The undisputed facts relevant to our inquiry herein are as follows. The decedent, Louis Thomas Faison, Jr. died on April 2, 2008, while he was an inmate

at USP-Lewisburg. On March 11, 2010, Veta B. Faison was certified as the Administrator of the Estate of Louis Thomas Faison, Jr. in the Commonwealth of Virginia. Thereafter, on December 21, 2010, Veta B. Faison filed a wrongful death claim in this Court, docketed at 4:10-cv-2603.[4]

It is well established that pursuant to Pennsylvania Rule of Civil Procedure 2202, actions for wrongful death may only be brought by the personal representative of the decedent. Further, while a personal representative's wrongful death action is pending, the existence of such action bars the bringing of any other action for such wrongful death. *See* Pa. R. C. P. 2202.

Here, it is beyond dispute that Veta Faison is the personal representative for the estate of Louis Thomas Faison, Jr. and that she has already brought a wrongful death action in this Court arising out of the decedent's alleged wrongful death. Accordingly, based on the operation of Pa. R. C. P. 2202, Terry Faison Williams is barred from bringing the instant suit, either in her own capacity or with a power of attorney from her father. Veta Faison, as the personal representative of the decedent's estate, is the only party with standing to pursue a wrongful death claim here. Accordingly, because Plaintiff lacks standing to pursue this claim, the action must be dismissed.

---

[4] This action is also assigned to the undersigned. It is currently referred for mediation.

## IV. CONCLUSION

Accordingly, based on all of the foregoing, the United States of America's Motion to Dismiss, or in the alternative, for Summary Judgment shall be granted and this action shall be dismissed. An appropriate Order shall issue.