IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| LOUIS T. FAISON SR., | : | Civil Action No. |
| --- | --- | --- |
| | | 4:11-CV-00395 |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**
July 17, 2013

This wrongful death action, brought pursuant to the Federal Tort Claims Act ("FTCA"), was commenced on December 21, 2010. Before the Court is Defendant's Motion to Dismiss. ECF No. 44. Plaintiff, who proceeds pro se, has not filed an opposition to Defendant's motion.

**I.     Factual and Procedural Background**

In April 2008, Louis T. Faison, Jr. (the "decedent"), became ill and died while he was incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. This action marks the third lawsuit filed in the Middle District of Pennsylvania arising from his untimely death.

On September 3, 2009, Terry Faison Williams ("Williams") filed the first action arising out of her brother's death on behalf of herself, her father (Louis T.

1

Faison, Sr.), and Veta Bell Faison, the decedent's widow and the Plaintiff's daughter-in-law.  See United States District Court, Middle District of Pennsylvania, Civil Action No. 3:09-cv-1715.  That action was dismissed without prejudice by our former colleague Judge Thomas I. Vanaskie on December 11, 2009, on the basis that Williams did not have standing to bring the lawsuit inasmuch as only the administrator or administratrix of a decedent's estate has standing to pursue a claim arising out of the death of the decedent.  Williams appealed and the Third Circuit affirmed that dismissal.

Next, in December of 2012, decedent's widow, Veta Faison, individually and as executrix of Louis Faison Jr.'s estate, filed a Federal Tort Claims Action in this Court arising out of the decedent's wrongful death.  See United States District Court, Middle District of Pennsylvania, Civil Action No. 4:10-cv-2603. Following mediation, a settlement was reached among the parties and the case was dismissed.[1]

The instant litigation was commenced in February 2011, again by decedent's sister (Terry Faison Williams) who brought suit on behalf of her father, through a power of attorney he extended to her.  Williams was initially represented

---

[1] The record reflects no attempt to intervene in that action by the decedent's father or any other party.

by counsel, but following a case management conference and the Defendant's filing of a Motion to Dismiss, or alternatively for Summary Judgment, counsel moved to withdraw from his representation of Williams. At that juncture, Williams began to represent herself in a pro se capacity, which, as the Third Circuit noted, was impermissible in light of the fact that she was bringing the suit on behalf of her father.

The Court subsequently allowed the parties additional time to obtain private counsel and substituted Louis T. Faison, Sr., the decedent's father, as the appropriate Plaintiff, who continues to proceed pro se. The Plaintiff has not filed an opposition to the pending Motion to Dismiss. The complaint alleges "careless and negligent acts of the defendant, United States of America, through its agents, ostensible agents, employees, servants and and/or workmen" in failing to provide the decedent with appropriate medical care and attention that would have, ultimately, prevented his death. Compl. ¶¶ 50-51, ECF No. 1.

## II. Discussion

### A. Legal Standard

A motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6), tests the legal sufficiency of a claim, see Neitzke v. Williams, 490 U.S. 319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Petruska v. Gannon University, 462 F.3d 294, 302

(3rd Cir. 2006), and "streamlines litigation by dispensing with needless discovery and fact finding." Neitzke, 490 at 326-27. A complaint should only be dismissed if, accepting as true all of the allegations in the complaint, plaintiff has not pled enough facts to state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). At the motion to dismiss stage, the court considers whether plaintiff is entitled to offer evidence to support the allegations in the complaint. Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000).

"Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 662, 129 S.Ct. 1937 (2009). In considering a Fed. R. Civ. P. 12(b)(6) motion, it must be taken into account that federal courts require only notice pleading, as opposed to the heightened standard of fact pleading. Hellmann v. Kercher, 2008 WL 2756282, *3 (W.D. Pa. July 15, 2008) (Lancaster, J.) Fed. R. Civ. P. 8 "requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the…claim is and the grounds on which it rests," Twombly, 550 U.S. at 555 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)).

4

Defendant moves to dismiss the complaint on the grounds that Plaintiff lacks standing to bring the wrongful death action.

B. Standing

The Federal Tort Claims Act ("FTCA") confers jurisdiction upon the district courts over claims for damages "for injury or loss of property, or personal injury or death" caused by the negligent or wrongful acts or omissions of federal employees. See 28 U.S.C. §§ 1346(b)(1). The extent of the United States' liability under the FTCA is determined in accordance with the law of the state where the act or omission occurred. Id., and see Molof v. United States, 502 U.S. 301, 305, 112 S.Ct. 711, 116 L.Ed.2d 731 (1992), Pellegrino v. United States Transportation Security Administration, 855 F.Supp.2d 343, 354 (E.D. Pa. 2012). The alleged act or omission in the case at bar occurred in a federal prison in Lewisburg, Pennsylvania and, consequently, the Court looks to the law of the Commonwealth of Pennsylvania to resolve this action.

Plaintiff pursues her wrongful death action under the Pennsylvania Wrongful Death Act, 42 Pa. C.S.A. § 8301(b), which defines who may benefit from the right of action created by the Wrongful Death Act. Specifically, only the spouse, children or parents of the deceased may receive damages and may do so only in the same proportion as they would take the personal estate of the decedent

5

in the case of intestacy and without liability to creditors of the deceased person under the laws of the Commonwealth. Id.

While Plaintiff is correct that, as a parent of the decedent, he may be a <u>beneficiary</u> of any right of action under the Wrongful Death Act, he ignores Pennsylvania Rule of Civil Procedure 2202 which defines who may <u>bring</u> such an action. Accordingly, "an action for wrongful death <u>shall be brought only by the personal representative of the decedent</u> for the benefit of those persons entitled by law to recover damages for such wrongful death." Pa.R.C.P. No.2202(a) (emphasis added). A personal representative includes only the executor or administrator of the estate of a decedent. Pa.R.C.P. No. 2201.

In the matter at hand, that person was Veta Faison – the decedent's widow – who filed a wrongful death action with this Court in December of 2010. See United States District Court, Middle District of Pennsylvania, Civil Action No. 4:10-cv-2603. The settlement of that proceeding in mediation extinguished Plaintiff's rights to damages from a wrongful death action arising out of his son's death.

Furthermore, the rules of intestate succession govern the extent to which Plaintiff was entitled to any of the settlement proceeds from the action brought by Veta Faison. Parents of the decedent only take a portion of the estate if there are

6

no surviving children or surviving spouse to which it is entitled. See 20 Pa. C.S.A. §§ 2102, 2103(2). Because decedent left both a spouse and surviving children, Plaintiff would not have been entitled to any portion of the estate under the rules of intestate succession.

Consequently, because Plaintiff is not the personal representative of the decedent and that person has already commenced and concluded a wrongful death action in connection with decedent's death, Plaintiff has no standing to bring this suit.

## III. Conclusion

For the reasons discussed above, Defendant's Motion to Dismiss will be granted and this action will be dismissed with prejudice. An appropriate Order follows.

BY THE COURT:

s/Matthew W. Brann
Matthew W. Brann
United States District Judge